UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| C.E.S., V.A.S., and H.M.S., Minors, by their legal guardians Timothy P. Donn and Anne L. Donn, | ) ) ) ) | |
| Plaintiffs, | ) ) | No. |
| | ) | HONORABLE |
| v. | ) ) | |
| Hon. Larry J. Nelson, in his official capacity as a Leelanau County Family Court Judge, Matthew Feil, in his official capacity as Tribal Prosecutor for the Grand Traverse Band of Ottawa and Chippewa Indians, and Helen Cook in her official capacity as Supervisor of Anishinaabek Family Services for the Grand Traverse Band of Ottawa and Chippewa Indians, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

_____

## VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

For their Verified Complaint for Declaratory and Injunctive Relief, Plaintiffs state and allege as follows:

1.      This is a complaint for declaratory and injunctive relief challenging the constitutionality of certain provisions of the Michigan Indian Family Preservation Act (MIFPA), MCL 712B.1 – 712B.41, Michigan's state corollary and complement to the Indian Child Welfare Act of 1978 (ICWA), 25 U.S.C. §§ 1901-63.

2.      Plaintiffs allege that MCL 712B.7(3)-(5), the MIFPA transfer provisions, are facially unconstitutional and unconstitutional as applied to Plaintiffs under the Fourteenth Amendment to the United States Constitution.

3.      The chief goal of this lawsuit is to prevent the transfer of Plaintiffs' adoption proceedings to tribal court.

## Parties

4.      Plaintiffs C.E.S., V.A.S., and H.M.S. (collectively, "the Children") are all under the age of eighteen years old, and range in age from nine to twelve.  At no time relevant hereto did they domicile within or reside on an Indian reservation.

5.      As of the date of this filing, Timothy P. Donn and Anne L. Donn (the "Donns") are the legal guardians of C.E.S., V.A.S., and H.M.S. per the Leelanau County Circuit Court's December 13, 2013 Orders Placing Child After Consent.

6.      Defendant Hon. Larry J. Nelson is a Leelanau County Family Court Judge, who is actively enforcing the unconstitutional provisions of MCL 712B.7(3)-(5) by way of his September 21, 2015 Order to Transfer Case to Tribal Court.

7.      Defendant Helen Cook is the Anishinaabek Family Services Supervisor for the Grand Traverse Band of Ottawa and Chippewa Indians who is the finality authority to enforce her tribe's unconstitutional, statutory right to transfer a proceedings pursuant to MCL 712B.7(3).

8.      Defendant Matthew Feil is the Tribal Prosecutor for the Grand Traverse Band of Ottawa and Chippewa Indians, who has and is enforcing his tribe's unconstitutional, statutory right to transfer proceedings pursuant to MCL 712B.7(3).

9. None of the named Defendants were parties to the state court adoption proceedings.

### Jurisdiction and Venue

10. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331, 42 U.S.C. §§ 1983, 1988, and the federal common law jurisdictional doctrine established in *Ex parte Young*, 209 U.S. 123 (1908), to redress the deprivation under color of state law of rights secured by the federal constitution.

11. This Court also has jurisdiction under 28 U.S.C. §§ 1331, 2201 over Plaintiffs' facial challenges to MCL 712B.7(3) – (5).

12. The relevant acts and omissions occurred, and are likely to continue, in the State of Michigan; therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

13. Plaintiffs seek a temporary restraining order followed by a preliminary injunction, enjoining the transfer of the Children's adoption case from state to tribal court and enjoining Defendants from removing the children from the Donn's home.

### ICWA's Transfer Provisions

14. ICWA states that:

> In any State court proceeding for the foster care placement of, or termination of parental rights to, an Indian child not domiciled or residing within the reservation of the Indian child's tribe, the court, **in the absence of good cause to the contrary**, shall transfer such proceeding to the jurisdiction of the tribe, absent objection by either parent, upon the petition of either parent or the Indian custodian or the Indian child's tribe: Provided, That such transfer shall be subject to declination by the tribal court of such tribe.

3

25 U.S.C. § 1911(b) (emphasis added).

15.     The Bureau of Indian Affairs (BIA), in their initial interpretation of good cause not to transfer under § 1911(b) of ICWA, identified the proceedings being at an "advanced stage" as an example of "good cause." Indian Child Custody Proceedings, 44 Fed. Reg. 67,584, 67,590 (Nov. 26, 1979) (Guidelines for state courts).[1]

16.     Commentary to Guideline C.1 (emphasis added) identifies that "gaming" the system is particularly disfavored and emblematic of a good cause not to transfer:

> Permitting late transfer requests by persons and tribes who were notified late may cause some disruption. It will also, however, provide an incentive to the petitioners to make a diligent effort to give notice promptly in order to avoid such disruptions.
>
> ***
>
> **While the Act permits intervention at any point in the proceeding, it does not explicitly authorize transfer requests at any time.**  Late interventions do not have nearly the disruptive effect on the proceeding that last minute transfers do. A case that is almost completed does not need to be retried when intervention is permitted. The problems resulting from late intervention are primarily those of the intervenor, who has lost the opportunity to influence the portion of the proceedings that was completed prior to intervention.
>
> Although the Act does not explicitly require transfer petitions to be timely, it does authorize the court to refuse to transfer a case for good cause. When a party who could have petitioned earlier waits until the case is almost complete to ask that it be transferred to another court and retried, good cause exists to deny the request.
>
> **Timeliness is a proven weapon of the courts against disruption cause by negligence or obstructionist tactics on the part of counsel.** If a transfer petition must be honored at any point before judgment, a party could wait to see how the trail [sic] is going in state court and then obtain

[1] Plaintiffs recognize that new guidelines have allowed these Due Process concerns to fall by the wayside.

another trial if it appears the other side will win. Delaying a transfer request could be a tactic to wear down the other side by requiring the case to be tried twice. **The Act was not intended to authorize such tactics and the "good cause" provision is ample authority for the court to prevent them.**

17.    Commentary to Guideline C.3 (emphasis added) also states:

The timeliness of the petition for transfer, discussed at length in the commentary to section C.1, is listed as a factor to be considered. **Inclusion of this criterion is designed to encourage the prompt exercise of the right to petition for transfer in order to avoid unnecessary delays.** Long periods of uncertainty concerning the future are generally regarded as **harmful to the well-being of children.** For that reason, it is especially important to avoid unnecessary delays in child custody proceedings.

### MIFPA Eviscerates Good Cause Protections for Transfers

18.    The Michigan Legislature enacted MIFPA, effective January 2, 2013.

19.    In doing so, the Michigan Legislature severely limited the scope of what could be held to constitute "good cause" to preclude a transfer.

20.    MCL 712B.7(3) states:

In any state court child custody proceeding, for an Indian child not domiciled or residing within the reservation of the Indian child's tribe, the court, **in the absence of good cause to the contrary**, shall transfer the proceeding to the Indian tribe's jurisdiction, absent objection by either parent, upon the petition of either parent or the Indian custodian or the Indian child's tribe, provided that the transfer is subject to declination by the tribal court of the Indian tribe.

(emphasis added).

21.    MCL 712B.7(4) limits "good cause" by stating: "When a court makes a good cause determination under this section, adequacy of the tribe, tribal court, or tribal social services shall not be considered."

22.    MCL 712B.7(5) more severely limits "good cause" by stating:

(5) A court may determine that good cause not to transfer a case to tribal court exists **only** if the person opposing the transfer shows **by clear and convincing evidence that either of the following applies:**

(a) The Indian tribe does not have a tribal court.

(b) The requirement of the parties or witnesses to present evidence in tribal court would cause undue hardship to those parties or witnesses that the Indian tribe in unable to mitigate.

### The Children Are Placed in the Care of the Donns

23.    The Children initially left their biological mother's home in 2009 under the terms of a voluntary guardianship. Their mother, A.M., was in a psychotic state and left the children with child protection stating, "I can't do this anymore." Mother was subsequently committed for treatment. Their father, J.K., has a history of domestic violence and faced allegations of sexual abuse.

24.    The Children have not been in a birth parent's home since February 2009.

25.    C.E.S. was the first of the Children to be placed with the Donns in February 2009.

26.    V.A.S. and H.M.S. were initially placed with another family, but also moved in with the Donns in March 2010.

27.    The Children remained with the Donns as the State moved the case into foster care in August 2010 due to physical neglect.

28.    Child Protective Services determined that neither of the Children's biological parents was capable of caring for the Children due to substance abuse and domestic violence.

6

29.     The Children have lived with the Donns since.

## The Tribe Refuses a Transfer

30.     In September 2010, the Children's mother requested transfer of the case to tribal court.

31.     The Tribe declined intervention in 2010 on grounds that the Children were not eligible for tribal membership.

32.     The Tribe filed a notice of intervention in December 2011, finding at that time that the Children were enrolled members or eligible for membership in the Tribe.

33.     The Children became enrolled members of the Tribe in February 2012.

34.     In February 2012, the mother sought to transfer the case to tribal court, which the Michigan circuit court granted, but the tribal court denied the transfer, holding, in part, that it would not be in the best interests of the Children.

35.     The Children's mother voluntarily released her parental rights on April 16, 2012.

36.     The parental rights of the Children's father were terminated on April 18, 2012.

## The Tribe Seeks Transfer at the Eleventh Hour

37.     Following the Tribe's refusal of the transfer order, the circuit court ordered that the Children remain with the Donns, pending an assessment and recommendation by the Michigan Children's Institute (MCI) for permanent adoptive placement of the Children with the Donns.

38.    The Tribe maintained throughout this process that its preference was for the Children to be placed with the paternal grandmother in Missouri, in accordance with ICWA's preference provisions.  *See* 25 U.S.C. § 1915(a).

39.    On December 6, 2013, the MCI recommended adoptive placement with the Donns, who filed a petition for adoption on December 13, 2013.

40.    The Tribe – over three years after the Children began living with the Donns and over three years after its first opportunity to intervene and transfer – sought transfer of the proceedings to its tribal court December 23, 2013.

41.    The circuit court conducted a hearing on February 6, 2014, and held that "good cause" did exist to deny transfer.

42.    The circuit court reasoned that the "undue hardship" provision of MCL 712B.7(5)(b) was applicable, and found "clear and convincing evidence that hardship to the parties; to wit, the three children, would occur if this transfer were granted."

43.    The circuit court also made specific findings that the minors were undergoing stress, needed permanency, and should not be required to endure being out of a parental home any longer given their five year ordeal.

44.    The circuit court entered its order on February 7, 2014, denying the motion to transfer, and staying all proceedings pending the exhaustion of appellate remedies.

## The Appellate Court Finds that MIFPA Has No Regard for the Rights of the Children

45.    The Michigan Court of Appeals published its opinion on this matter on March 19, 2015.

46.    The appellate court framed the issue as:

May a circuit court find 'good cause not to transfer a case to tribal court' under MCL 712B.7(5)(b) on the basis of 'undue hardship' to an Indian child or children as a result of delay in the proceedings resulting from the transfer of a long-pending case to tribal court? Stated otherwise, does MCL 712B.7(5)(b) permit a circuit court to deny a request to transfer an Indian child custody proceeding to a tribal court based on the timeliness of the request or the effect the transfer may have on the child's best interests?

47.    The appellate court reversed the circuit court, finding, in part, that the best interests of children is not a consideration in determining whether there is "good cause" not to transfer a case to a tribal court and that there is no consideration that must be given as to the timeliness of the transfer request.

48.    The Donns filed an Application for Leave to Appeal to the Michigan Supreme Court, which was denied on or about June 5, 2015.

49.    The Donns then filed a Motion to Deny Transfer and Request Stay of Proceedings, so they could address constitutional issues related to the MIFPA transfer provisions that were previously not litigated because of the case's posture.

50.    The circuit court granted the Donns' motion to stay on July 2, 2015.

51.    The Tribe made an Application for Leave to Appeal, while also making a motion for immediate consideration to lift the stay.  The Donns then filed leave for discretionary appeal, arguing among other things the appellate court needed to hear for the first time their constitutional concerns that were not previously raised as they were the prevailing party (and respondents) in the prior appeal.

52.    On September 14, 2015, the appellate court ordered that the stay be lifted, and denied the appellate application as unnecessary at that point.

53.     On September 21, 2015, the circuit court ordered this matter transferred to tribal court.

54.     As a result of the transfer, the Children can be removed from the Donn home at any moment.

## Count I
## (All Defendants – Procedural Due Process, 42 U.S.C. §§ 1983, 1988)

55.     Plaintiffs incorporate by reference all preceding allegations as if fully stated herein.

56.     The Fourteenth Amendment to the United States Constitution precludes any State from "depriving any person of life, liberty, or property, without the due process of law." U.S. Const. amend. XIV, § 1.

57.     The Children have a well-established liberty interest in familial association.

58.     The Children were deprived of this liberty interest without the opportunity to be heard.

59.     MCL 712B.7(3)-(5) facially does not allow children the right to be heard.

60.     The appellate court did not allow the transfer's effect on the Children to be considered.

61.     MCL 712B.7(3)-(5), facially and as applied, deprives the Children of their Due Process rights under the Fourteenth Amendment.

62.     Defendants, acting under the color of state law, are depriving Plaintiffs of their rights secured by the Due Process Clause of the Fourteenth Amendment to the United States Constitution in violation of 42 U.S.C. § 1983.

63.     Plaintiffs are entitled to their costs, including their reasonable attorneys' fees, pursuant to 42 U.S.C. § 1988.

64.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and Fed. R. Civ. P. 57, Plaintiffs seek a declaratory judgment that MCL 712B.7(3)-(5), violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

65.     Plaintiffs have no other adequate remedy at law.

## Count II
### (All Defendants – Substantive Due Process, 42 U.S.C. §§ 1983, 1988)

66.     Plaintiffs incorporate by reference all preceding allegations as if set forth fully herein.

67.     The Children have a fundamental liberty interest in familial association and their personal well-being.

68.     MCL 712B.7(3)-(5) fails to account for those fundamental liberty interests by precluding children from being heard, by not accounting for their best interests, and by not accounting for their personal well-being.

69.     MCL 712B.7(3)-(5) deprives the Children of their Due Process rights under the Fourteenth Amendment, and is not narrowly tailored to serve a compelling state interest.

70.     Defendants, acting under color of state law, are depriving Plaintiffs of their rights secured by the Due Process Clause of the Fourteenth Amendment to the United States Constitution in violation of 42 U.S.C. § 1983.

71.     Plaintiffs are entitled to their costs, including their reasonable attorneys' fees, pursuant to 42 U.S.C. § 1988.

72.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and Fed. R. Civ. P. 57, Plaintiffs seek a declaratory judgment that MCL 712B.7(3)-(5), violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

73.     Plaintiffs have no other adequate remedy at law.

**Count III**
**(All Defendants – Equal Protection, 42 U.S.C. §§ 1983, 1988)**

74.     Plaintiffs incorporate by reference all preceding allegations as if fully stated herein.

75.     MCL 712B.7(3)-(5), facially and as applied, deprives Plaintiffs of Equal Protection under the Fourteenth Amendment by discriminating on the basis of race, national origin, and/or ethnicity.

76.     The transfer provisions of MCL 712B.7(3)-(5), on their face and as applied, discriminate on the basis of race, national origin, and/or ethnicity, do not relate to parents or children domiciled on Indian land, do not relate to Indian self-governance, and therefore these discriminatory provisions are subject to strict scrutiny.

77.     MCL 712B.7(3)-(5) fails strict scrutiny because it is not narrowly tailored to advance a compelling state interest.

78.     Defendants, acting under color of state law, are depriving Plaintiffs of their rights secured by the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution in violation of 42 U.S.C. § 1983.

79.     Plaintiffs are entitled to their costs, including their reasonable attorneys' fees, pursuant to 42 U.S.C. § 1988.

80.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and Fed. R. Civ. P. 57, Plaintiffs seek a declaratory judgment that MCL 712B.7(3)-(5) violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

81.     Plaintiffs have no other adequate remedy at law.

## Count IV
### (All Defendants – Temporary Restraining Order and Preliminary Injunction)

82.     Plaintiffs incorporate by reference all preceding allegations as if fully stated herein.

83.     In light of the Court's Order for Transfer, the Children can be taken from the Donns at any moment.

84.     Plaintiffs have no adequate remedy at law.

85.     Plaintiffs seek the entry of a temporary restraining order and preliminary injunction, enjoining Defendants and Defendants' officers, agents, servants, employees, attorneys, and other persons in active concert or participation with them from enforcing the September 21, 2015 transfer order and MCL 712B.7(3)-(5) as presently written.

13

## Count V
### (All Defendants – Permanent Injunction)

86.     Plaintiffs incorporate by reference all preceding allegations as if fully stated

herein.

87.     Plaintiffs seek the entry of a permanent injunction, enjoining Defendants

and Defendants' officers, agents, servants, employees, attorneys, and other persons in

active concert or participation with them from enforcing MCL 712B.7(3)-(5) as presently

written.

## Prayer for Relief

WHEREFORE, Plaintiffs pray that this Court:

(A)     Enter a judgment declaring that MCL 712B.7(3)-(5) violates the Due
Process Clause of the Fourteenth Amendment to the United States
Constitution;

(B)     Enter a judgment declaring that MCL 712B.7(3)-(5) violates the Equal
Protection Clause of the Fourteenth Amendment to the United States
Constitution;

(C)     Enter a temporary restraining order and preliminary injunction enjoining
Defendants from enforcing the September 21, 2015 transfer order and MCL
712B.7(3)-(5) as presently written;

(D)     Enter a permanent injunction enjoining Defendants from enforcing MCL
712B.7(3)-(5) as presently written;

(E)     Award costs and expenses to Plaintiffs, including reasonable attorneys'
fees, pursuant to 42 U.S.C. § 1988; and

(F)     Award such additional relief as this Court deems just and proper.

**FIDDLER LAW OFFICE, P.A.**

s/ Mark D. Fiddler
Mark D. Fiddler, MN #0197853
*Admitted* W.D. Mich.
6800 France Avenue South, Suite 190
Edina, MN 55435
Phone: 612.822.4095
Fax: 612.822.4096
Email: mark@fiddler-law.com

*- and -*

**NEWMARK STORMS LAW OFFICE LLC**
Jeffrey S. Storms, MN #0387240[2]
100 South Fifth Street, Suite 2100
Minneapolis, MN  55402
Phone: 612-455-7055
Fax: 612.455.7051
Email: jeff@newmarkstorms.com

*Attorneys for Plaintiffs*

---

[2] Mr. Storms submits this Complaint in compliance with Local Civil Rule 83.1(e).  Mr. Storms has paid the fees established by the Court, filed the application required by rule with the Clerk, and has not yet made a personal appearance before the Court.

<u>**Verification**</u>

We, Timothy P. Donn and Anne L. Donn, declare as follows:

1. We are citizens of the United States and have instituted the present case as legal guardians on behalf of Minors C.E.S., V.A.S., and H.M.S.

2. We have personal knowledge of ourselves, our activities, our intentions, including those set out in the foregoing Verified Complaint for Declaratory and Injunctive Relief, and if called on to testify we would competently testify as to matters stated herein.

3. We verify under penalty of perjury under the laws of the United States of America that the factual statements in the foregoing Verified Complaint for Declaratory and Injunctive Relief concerning ourselves, our activities, and our intentions are true and correct. 28 U.S.C. § 1746.

Dated: 9/28/15

Timothy P. Donn

Dated: 9/28/15

Anne L. Donn

16